**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION**                                                                           **PLAINTIFF**

**v.**                                                              **CIVIL ACTION No. 3:05-CV-691-DPJ-JCS**

**HELMERICH & PAYNE INTERNATIONAL**
**DRILLING COMPANY**                                                              **DEFENDANT**

<u>**CONSENT DECREE**</u>

Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") and

Defendant Helmerich & Payne International Drilling Co. ("H&P"), having participated in a

settlement conference under the supervision of the Court, do voluntarily agree to the entry of this

Consent Decree, subject to approval by the Court.

A.  The Equal Employment Opportunity Commission, ("EEOC" or the "Commission"),

brought this claim on December 12, 2005 against Helmerich & Payne International Drilling

Company ("H&P") under  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

Section 2000e-2(a)(1) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

EEOC alleges that Defendant H&P discriminated against Danny Dodd, James Mann and other

similarly situated African American employees who worked on offshore platform rig 108 for the

period 2000 through 2002 by subjecting them to a racially hostile work environment and racial

harassment.  Upon completion of discovery, the EEOC determined that five persons, in addition

to Mann and Dodd, were members of the class of similarly situated African Americans and

voluntarily dismissed all other persons originally named by the EEOC during discovery.   The

class members are Alvin Johnson, Frank Boyd, Maurice Stewart, Antonio Harrington (also known as Antonio Herrington), and Adolph Vivians.

B.  Defendant H&P answered the Complaint, denying all allegations of racial discrimination, a racially hostile work environment, and racial harassment.  H&P also denied that the EEOC, James Mann, Danny Dodd, or any similarly situated African American employees were entitled to any relief sought by the complaint, including damages of any kind and injunctive relief.

C.  Nothing in this Consent Decree shall be an admission or be deemed an admission by H&P that it has at any time, in any place, or in any manner violated Title VII of the Civil Rights Act of 1964, Section 102 of the Civil Rights Act of 1991, or any other federal or state civil rights act, or engaged in racial discrimination or racial harassment or retaliation of any kind, or permitted or created a racially hostile work environment.

D. The parties, aware of the risks, uncertainties, and costs of continuing this litigation, voluntarily enter this Consent Decree to settle this lawsuit.

E. This Consent Decree is intended to resolve all issues arising from the complaint filed by the EEOC in this lawsuit. This Consent Decree is the complete and final agreement between the EEOC and H&P with respect to resolution of the EEOC's complaint in this lawsuit and EEOC Charges of Discrimination Nos. 131-A2-01580 and 131-A3-00034, which were the basis for the EEOC's lawsuit. The EEOC and H&P agree that this Consent Decree resolves all charges of racial discrimination, racial harassment, racially hostile work environment, and retaliation asserted in this lawsuit by the EEOC on behalf of African American employees of H&P who worked on H&P rig 108 during the period 2000 through 2002. Subject to the Court's retention of jurisdiction to enforce this Consent Decree, the EEOC shall dismiss with prejudice

its complaint, including any causes of action by James Mann and Danny Dodd and a class of similarly situated African Americans who worked on H&P offshore platform rig 108 during the period 2000 through 2002.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  This Court has jurisdiction over the parties and the subject matter of this action under 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345.

2.  This Consent Decree shall become effective upon its entry by the Court and its term shall commence from the date of entry. The duration of the term of the Consent Decree shall be two years from the date of its entry. For the duration of this Consent Decree, the Court shall retain jurisdiction over the subject matter of this lawsuit and the parties, including all class members, for the enforcement of this Consent Decree to enforce this settlement. The Consent Decree shall automatically expire two years after its entry without the need for filing any further orders.

3.  In consideration of the settlement and dismissal with prejudice of this lawsuit and entry of this Consent Decree, H&P shall pay the total sum of Two Hundred Ninety Thousand Dollars ($290,000.00) to be apportioned among James Mann, Danny Dodd, Alvin Johnson, Frank Boyd, Maurice Stewart, Antonio Harrington, and Adolph Vivians (the "Named Class Members"). The EEOC shall obtain fully executed releases from all Named Class Members in the form attached as Exhibit "A" to this Consent Decree.  Within five business days of obtaining all seven fully executed releases, the EEOC shall notify counsel for H&P in writing of the dollar amounts to be apportioned among the Named Class Members, their social security numbers, and their current addresses. Within five business days of receipt from the EEOC of the above information, H&P shall forward a separate check for their apportioned amount directly to

each Named Class Member at the address provided by the EEOC. These payments represent settlement of compensatory damages, and H&P shall issue forms 1099 for these payments to each Named Class Member on or before January 31, 2008.  Within three business days of mailing the checks to the Named Class Members, H&P shall provide a copy of the checks with any correspondence to the Regional Attorney of the Commission's Birmingham District Office at 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205 and within three days of receipt of copies of the checks from H&P, the EEOC shall provide to counsel for H&P all seven of the fully executed original releases of all Named Class Members.

4.  H&P's revised written policy against racial harassment and discrimination is attached as Exhibit "B" to this Consent Decree.  H&P shall maintain this policy in effect for the duration of this Consent Decree. If H&P changes its policy against racial harassment, H&P must notify the EEOC in writing of the changes before effecting such changes.

5.  Within thirty (30) days of the entry of this Consent Decree, H&P shall redistribute its racial harassment policy to all operations managers, superintendents, tool pushers, drillers, and crane operators and all other employees who work on H&P's offshore platform rigs in the Gulf of Mexico.

6.  Within thirty (30) days of entry of this Consent Decree, H&P shall post the policy against racial harassment on all its offshore platform rigs located in the Gulf of Mexico and post the policy against racial harassment in a public place visible to all employees in its office located in Pearl, Mississippi. During orientation of new hires for its offshore platform rigs in the Gulf of Mexico, new hires shall be provided a copy of the policy and shall be compensated for the time necessary to read this policy.

7. Within thirty (30) days of entry of this Consent Decree and for the duration of this Consent Decree, Defendant H&P shall post the Notice attached as Exhibit "C" to this Consent Decree on all its offshore platform rigs in the Gulf of Mexico in a place frequented by its employees on the offshore platform rigs.  The notice shall be legible and in a type style and size easily read.

8.  During October, 2007, and once a year thereafter, H&P shall provide training on race discrimination, harassment, and retaliation to all its operations managers, superintendents, toolpushers, drillers, crane operators, and human resource personnel with direct responsibility for its offshore platform rigs in the Gulf of Mexico.

9.  Within ten (10) business days of the conclusion of training required in Paragraph 8 of this  Consent Decree, H&P shall submit to EEOC the dates the training was conducted; copies of the materials used; the name(s), address(es), qualifications of the person(s) or entities conducting the training; and a registry of H&P personnel attending the training.

10.  Within six (6) months of the entry of this Consent Decree, H&P shall submit written confirmation to the EEOC that (i) the Notice required in paragraph seven of this Decree was posted and the locations where it was posted and (ii) the policy required in paragraph six was distributed to each current and new employee and posted.

11. H&P's revised policy, attached as Exhibit "B," provides that if a supervisor does not address a complaint of racial harassment to an aggrieved employee's satisfaction, the aggrieved employee must notify in writing the Director of Human Resources in Tulsa, Oklahoma, and must provide the names of all his supervisors to whom he reported his complaint.  When reporting a complaint in writing is required by this provision of the Consent Decree, it shall be sufficient if such report is made by email.  Defendant H&P shall maintain all such reports from aggrieved

employees.  Defendant H&P shall provide to the Regional Attorney of the Commission's
Birmingham District Office t 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205,
beginning six months from the date of entry of the Consent Decree and thereafter every six
months for the duration of the Consent Decree, a narrative summary of each complaint of racial
harassment made by aggrieved employees with the Director of Human Resources together with a
statement from H&P regarding the resolution of each such complaint.

12.     The Commission, upon reasonable notice to H&P and subject to safety and
weather conditions, shall have the right to enter and inspect Defendant's offshore platform rigs
in the Gulf of Mexico and to attend training to ensure compliance with this Decree and Title
VII's prohibition of race, race, and religious discrimination, as well as retaliation.  The
Commission will not unreasonably interfere with Defendant's business during such inspections.

13.     Defendants will not condition the receipt of the individual relief on a claimant's
agreement to:  (a) maintain as confidential the terms of this Consent Decree; (b) or waive any
right by any Named Class Members to apply for a position with Defendant.

14.     The EEOC, the Named Class Members, and H&P shall bear their respective costs
and attorneys' fees incurred as a result of this action through the filing of this Consent Decree.

15.     On September 26, 2007, Keith L. Gates filed a Notice of Attorney's Lien in this
cause, alleging that Gates is entitled to a contingency fee based upon amounts paid in settlement
to both James Mann and Danny Dodd.  Notwithstanding paragraph 3 of this Consent Decree,
Defendant H&P shall pay all settlement funds allocated to James Mann and Danny Dodd into the
Court, as the Court directs, to be held by the Court until the Court determines the validity and
amount, if any, of an attorney's lien by Mr. Gates.

SO ORDERED this 9th day of October, 2007.


/S/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE


Agreed to by counsel for the parties:

For HELMERICH & PAYNE INTERNATIONAL DRILLING CO:

/s/ Holmes S. Adams
Holmes S. Adams
Mississippi Bar No. 1126
ADAMS and REESE LLP
111 East Capitol Street, Suite 350
Post Office Box 24297
Jackson, Mississippi  39225-4297
Telephone:  601-353-3234
Fascimile:  601-355-9708


For EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

RONALD COOPER
GENERAL COUNSEL

JAMES LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C.  20507

/s/ Emanuel Smith
C. EMANUEL SMITH (MB #7473)
REGIONAL ATTORNEY

/s/  Julie Lee
JULIE S. LEE (DC #433292)
SUPERVISORY TRIAL ATTORNEY

EUNICE MORROW
(AL  ASB-5267-064E)
Senior Trial Attorney

/s/ __ *Ermea J. Russell* _____ _____

ERMEA J. RUSSELL  (MB #5739)
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY  COMMISSION
Birmingham District Office
1130 22nd Street South Suite 2000
Birmingham, AL  35205
(205) 212-2062