IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                                                                           PLAINTIFF

VS.                                                            CIVIL ACTION NO. 3:05cv691-DPJ-JCS

HELMERICH & PAYNE INTERNATIONAL
DRILLING COMPANY                                                                           DEFENDANT

ORDER

This cause is before the court on the motion of Keith L. Gates for a determination of attorneys' fees. The parties have consented to jurisdiction of the undersigned in ruling on the motion. Having considered the submissions of counsel, the court finds and rules as follows.

This is an action for employment discrimination brought by the EEOC on behalf of James Mann, Danny Dodd, and other African-American employees of Defendant. Mann filed a Charge of Discrimination with the EEOC on July 24, 2002; Dodd filed his Charge on September 5, 2002. The EEOC concluded its investigation of the two charges and issued Letters of Determination on September 30, 2003. Mann and Dodd retained Gates to represent them on October 20, 2003. Thereafter, Gates investigated their claims, participated in a conciliation conference with the EEOC in November of 2003, and participated in settlement discussions. In early November of 2005 the EEOC notified Gates that it intended to file suit on the discrimination charges. Shortly thereafter, Mann and Dodd notified Gates that they would no longer need his services as their attorney.

The EEOC then filed the present action, which was ultimately resolved by entry of a consent decree.  Under the terms of the settlement, Mann and Dodd will each receive $100,000.  Prior to entry of the consent decree, Gates filed a notice of attorneys lien, asserting his entitlement to a portion of the settlement proceeds to be received by Mann and Dodd.  The issue presently before the court is the amount of the settlement proceeds to be paid to Gates for his services.

Gates initially asserted entitlement to 33 1/3 of the settlement proceeds pursuant to the terms of the contingent fee agreements with Mann and Dodd plus attorney's fees at his hourly rate; however, after Mann and Dodd objected that he was entitled to only the reasonable value of his services, Gates abandoned his request for a contingent fee.  In support of his claim for fees, Gates has submitted an affidavit with accompanying time sheets showing that he performed 113.9 hours of work for each client at a rate of $200 per hour.  Gates requests the full amount reflected by these time sheets; thus, he seeks fees in the amount of $22,780 for each client, for a total of $45,560.

Attorneys' fees determinations in this circuit are made using the "lodestar" analysis.  *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996).  The lodestar is the product of the number of hours reasonably expended multiplied by the attorney's reasonable hourly rate.  *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1994).  The lodestar amount is presumed reasonable, but may in exceptional cases be adjusted up or down in light of the twelve *Johnson* factors.[1]   *Watkins v. Fordice*, 7 F.3d 453, 457

---

[1] The twelve *Johnson* factors are as follows: (1) The time and labor involved; (2) the novelty and difficulty of the issues presented; (3) the skill required; (4) the extent to which other employment was precluded by the representation; (5) the attorney's customary fee;

(5th Cir. 1993).  The party asserting entitlement to fees has the burden of establishing the reasonableness of the fees sought and the necessity of the hours worked and the rate charged.  *Smith v. United Nat'l Bank-Denton*, 966 F.2d 973, 978 (5th Cir. 1992).

One component of the reasonableness showing required of one seeking a fee is proof that the attorney exercised "billing judgment" in writing off unproductive, excessive or redundant hours.  *See Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996).  To say that the time entries accompanying Gates' affidavit do not reflect the use of billing judgment would be an understatement.  The entries reflect hours that are excessive, unreasonable, and, in some cases, simply not credible.  For example, they reflect 26 hours spent in client consultations, 30 hours in researching discrimination law, 20 hours in researching hangman's noose cases, 20 hours researching the settlement value of the cases, and 20 hours researching EEOC procedures.  After carefully reviewing these time sheets and Gates' explanations of the nature of the work performed, the court concludes that Gates reasonably expended 4 hours in client consultation, 8 hours in research, 20 hours in preparation for, traveling to and attending EEOC conciliation conferences and  attempting to settle the case, and 4 hours in general review of the file and phone conferences with the EEOC.  Thus, the court finds that a total of 36 hours were reasonably expended in representing Mann and Dodd.

Gates' time sheets reflect an hourly rate of $200 per hour.  Gates does not state in

---

(6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount and results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship; and (12) awards in similar cases.  *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974).

his affidavit that this is his usual and customary rate, but the court assumes that this is the case.  Mann and Dodd maintain that this is not a reasonable rate, but they have offered no evidence of prevailing rates in the legal community in which Gates practices. In the absence of any evidence to the contrary, the court assumes that Gates' rate is reasonable.

The lodestar amount is to be adjusted only in exceptional circumstances.  Neither Gates nor Mann and Dodd have established that any exceptional circumstances warrant an adjustment.  Accordingly, the court finds that the lodestar amount represents a reasonable fee for the work actually performed by Gates in representing Mann and Dodd.

For the reasons stated herein the court finds that the Gates is entitled to a total fee of $7,200, to be divided evenly between the settlement proceeds for Mann and Dodd.

This the 1st day of July, 2008.

                                              /s/ James C. Sumner
                                              UNITED STATES MAGISTRATE JUDGE